**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MONTANA**

In re

**WENDELL A DEADMOND, JR.,** and
**RENAE A DEADMOND**,

Case No.  **06-60512-7**

Debtors.

## *MEMORANDUM of DECISION*

At Butte in said District this 5th day of February, 2008.

In this Chapter 7 bankruptcy, the United States Trustee ("UST") filed a Motion to

Dismiss on September 22, 2006, seeking to dismiss this case arguing that Debtors' case is a

presumed abuse of Chapter 7 under 11 U.S.C. § 707(b)(2), and in the alternative, on the basis

that Debtors' petition is an abuse of Chapter 7 based on the "totality of the circumstances" under

§ 707(b)(3).  Debtors filed a response to the UST's motion on September 26, 2006, and set the

matter for hearing.  Following a hearing held November 7, 2006, the Court entered a

Memorandum of Decision and an Order on February 27, 2007, ruling in favor of the Debtors'

and denying the UST's Motion to Dismiss.  In particular, this Court held that while Debtors

failed to provide any justification for a claimed expense of $310.32 for a housing and utility

adjustment, and thus denied the same, Debtors could claim expenses totaling $803.00 for a

transportation ownership/lease expense, even though Debtors owned both of their two vehicles

free and clear of any liens.

The UST appealed this Court' February 27, 2007, ruling with respect to the allowance of

1

the $803.00 transportation ownership/lease expense to the United States District Court for the District of Montana.  On January 21, 2008, Senior United States District Judge Charles C. Lovell entered an Opinion and Order and subsequently entered an Amended Opinion and Order on February 4, 2008, that reversed and remanded, concluding "that the plain meaning of section 707(b)(2)(A)(ii)(I) of Title 11 the Bankruptcy Code requires that debtors who have no vehicle lease or loan payment be allowed no applicable monthly transportation ownership expense amount."

Upon remand, the Court finds that no further hearing is necessary as the matter was heard, and fully briefed in 2006.  In addition, the facts are not in dispute and are set forth in the Court's February 27, 2007, Memorandum of Decision.  As previously noted, the Court ruled on February 27, 2007, that Debtors could not claim their $310.32 housing and utilities adjustment and that matter was not appealed.[1]

The Court would, however, reiterate that on Schedule B, Debtors list two motor vehicles: a "1995 Dodge Ram" and a "1983 GMC Surbanbun [sic]" that "does not run".  Debtors apparently own both motor vehicles free and clear of any liens.  On their amended Form B22A filed December 15, 2006, Debtors checked the box on the top of the first page indicating that "The presumption does not arise."[2]  Debtors report both their "total currently monthly income for

---

[1]  Because Debtors' amended Form B22A reported a negative $270.63 as Debtors' monthly disposable income under § 707(b)(2), adding back the housing and utility adjustment of $310.32 increased Debtors' monthly disposable income under § 707(b)(2) to a mere $39.69, which did not create a presumption of abuse.

[2]  Whether the presumption of abuse arises in a particular Chapter 7 case is determined at lines 48 through 55.  In this case, the Debtors report their "60-month disposable income under § 707(b)(2)" as a negative $16,237.80 on line 51.  Because Debtors' 60-month disposable income is less than $6,000.00, Debtors checked the box on the first page of Form B22A that the

§ 707(b)(7)", line 12, and their "current monthly income for § 707(b)(2)" as $5,518.00.  At Part

III "Application of § 707(b)(7) Exclusion", Debtors disclose at Line 15 that their annualized

current monthly income of $66,216.00 exceeds the applicable median family income as

determined at www.usdoj.gov/ust. [3]  At Line 23, Debtors have taken a deduction of $471.00 for

the ownership costs of a first vehicle and on Line 24 of Form B22A, Debtors take a $332.00

deduction for the ownership costs associated with a second vehicle.

As set forth on Debtors' amended Form B22A, based upon Debtors' current monthly

income for § 707(b)(2) of $5,518.00 and total of all deductions allowed under § 707(b)(2) of

$5,788.63, Debtors report monthly disposable income under § 707(b)(2) of a negative $270.63,

resulting in 60-month disposable income under § 707(b)(2) of a negative $16,237.80.  The Court

previously held that Debtors could not claim their housing and utility adjustment of $310.32 and

thus, that amount must be included back into Debtors' monthly disposable income under §

707(b)(2).

Judge Lovell has also determined that Debtors cannot claim an ownership expense of

$803.00 for their two later model vehicles, that are owned free and clear of any liens.  However,

the UST agrees that because of the age of Debtor's vehicles, that Debtors can claim an additional

$200.00 operating expense for each vehicle.  Consequently, Debtors' total allowable vehicle

expense is reduced from $803.00 to $400.00.  Adding Debtors' disallowed vehicle expense of

$403.00 and Debtors' disallowed housing and utility adjustment of $310.32 to Debtors' reported

---

"presumption does not arise."

[3] Debtors' indicate at Part III, line 14 that their household size is "3", even though they
list no dependents on their Schedule I.

monthly disposable income of a negative $270.63, increases Debtors' monthly disposable income

to a positive $442.69.  Debtors' 60-month disposable income is accordingly adjusted to

$26,651.40.  The objective "Means Test" of § 707(b)(2) creates a presumption that abuse exists

when a debtor's income is greater than the median income for his or her household size in the

domiciliary state and his or her income less applicable expenses (as calculated pursuant to

uniform standards) is sufficient to pay over a 60 month period at least the lessor of (1) the greater

of 25% of the debtor's nonpriority unsecured claims or $6,000.00, or (2) $10,000.00.  The

presumption of abuse arises in this case given Judge Lovell's ruling.

Even though the UST has established a presumption of abuse in this case, under §

707(b)(2)(B)(i), that presumption is rebuttable:

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.
>
> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide--
>
> > (I) documentation for such expense or adjustment to income; and
> >
> > (II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.
>
> (iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

The above-quoted subsection allows debtors to rebut the presumption of abuse "by

demonstrating special circumstances, such as a serious medical condition or a call or order to

active duty in the Armed Forces, to the extent such special circumstances that justify additional

expenses or adjustments of current monthly income for which there is no reasonable alternative," § 707(b)(2)(B)(i), provided the presumption of abuse is rebutted if the additional expenses cause the product of the debtor's current monthly income when multiplied by 60 to be less than the distinct trigger points of § 707(b)(2)(B)(iv).

In this case, Debtors did not offer any evidence to rebut the presumption of abuse that now arises by virtue of the District Court's decision regarding a debtor's ability to claim an ownership expense on a vehicle that is owned free and clear of any liens. Therefore, this case must now be dismissed. The Court would note that it mistakenly entered Debtors' discharge of debts on September 19, 2007. That discharge should not have been entered while the UST's appeal was pending. Consequently, the Court finds it appropriate to vacate the discharge of Debtors' debts entered on September 19, 2007, and grant the UST's Motion to Dismiss.

IT IS THEREFORE ORDERED that a separate Order will be entered providing that the discharge of Debtors' debts entered September 19, 2007 is VACATED on the ground that such discharge was entered in error; the United States Trustee's Motion to Dismiss filed September 22, 2006, is GRANTED; and this case is DISMISSED as an abuse of Chapter 7 under 11 U.S.C. § 707(b)(2).

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana